IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | § |
| | § |
| Plaintiff, | § |
| v. | §  Criminal Action No. **3:12-CR-0190-L(04)** |
| | § |
| **JUAN LUIS VILLA HERNANDEZ**, | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Request for Pretrial Production of Inmate Telephone Calls of Cooperating Coconspirators Pursuant to Rule 17(c), filed December 5, 2012. After a careful review of the motion, response, record, and applicable law, the court **denies** Defendant's Request for Pretrial Production of Inmate Telephone Calls of Cooperating Coconspirators Pursuant to Rule 17(c).

### I.   Procedural and Factual Background

On May 23, 2012, Defendant Juan Luis Villa Hernandez and codefendants Mario Lopez, Jr., Sylvia Cardenas, Jorge Cortes, and Leonel Figueroa were arrested by local officers and special agents of Homeland Security Investigations ("HSI"), after attempting to purchase 27 kilograms of methamphetamine from an undercover officer. On June 20, 2012, the United States charged Defendant and his codefendants in a two-count indictment with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 18 U.S.C. § 2. Of the five indicted defendants, three — Lopez, Cardenas, and

Cortes have since pled guilty, and Lopez and Cardenas are awaiting sentencing. Cortes has been sentenced. Hernandez and Figueroa are set for jury trial on January 7, 2013.

On October 22, 2012, Defendant requested the court to order the government to produce the inmate telephone calls of his alleged coconspirators that have pled guilty as Jencks Act material. The court denied Defendant's request, ruling that the inmate telephone calls of the alleged cooperating codefendants were not "in the possession" of the government for the purpose of the Jencks Act. Further, the court held that if Defendant seeks disclosure of these recorded calls, he may use his subpoena power to obtain them. Defendant now requests the court, pursuant to Federal Rule of Criminal Procedure 17(c), to order that the requested material be produced before trial. The government objects to Defendant's request to the extent that the Rule 17(c) subpoena fails to comply with the requirements set forth in *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). For the reasons that follow, the court agrees.

## II. Federal Rule of Criminal Procedure 17(c)

Federal Rule of Criminal Procedure 17(c) governs the issuance of subpoenas duces tecum in federal criminal proceedings. Rule 17(c) provides in relevant part:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. . . . On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

"Although rule 17 extends to materials not subject to rule 16 discovery, it is not intended to provide an additional means of discovery." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). "Every subpoena must be a 'good faith effort . . . to obtain evidence,' and the district court may ensure that rule 17(c) is used only to

that end through the court's power to quash or modify subpoenas." *Id.* (quoting *Bowman*, 341 U.S. at 219-220). The party requesting access to materials under Rule 17 bears the burden of showing that the subpoenaed information 1) is relevant, 2) is admissible, and 3) has been requested with adequate specificity. *Id.* (citing *Nixon*, 418 U.S. at 700). The "specificity and relevance elements require more than the title of a document and conjecture as to its contents." *Id.* Moreover, although Rule 17(c) allows access only to *evidence*, not *discovery*, it is not required that the materials subpoenaed actually be used in evidence. *Bowman*, 341 U.S. at 219. The moving party need only make a sufficient preliminary showing that materials requested contain evidence admissible with respect to the offenses charged in the indictment. *Nixon*, 418 U.S. at 700.

## III. Analysis

The court determines that Defendant's motion on its face is deficient because it fails to allege that the recorded calls are relevant and admissible at trial, and he has not requested the material with adequate specificity. In Defendant's "request," he merely states the court's prior ruling that he could not request the recorded calls as Jencks Act material and cites Rule 17(c)(1). Because Defendant does not identify the materials that he seeks with any specificity, the court is left to speculate that Defendant is requesting *all* the phone calls for *all* of the cooperating co-conspirators — whomever they might be — for the entire time period in which they were incarcerated for the instant offense. The lack of particularity and detail in Defendant's request leads the court to conclude that Defendant is attempting "to use a subpoena duces tecum as a discovery device, which it is not." *Arditti*, 955 F.2d at 346 (internal quotation marks and citation omitted). Because Defendant has failed to establish with sufficient specificity the evidentiary nature of the requested materials and their

admissibility as evidence, the court will deny Defendant's Request for Pretrial Production of Inmate Telephone Calls of Cooperating Coconspirators Pursuant to Rule 17(c).

## IV. Conclusion

For the reasons herein stated, the court finds that Defendant has not carried his burden of showing that the materials he seeks are relevant and admissible, and that he has requested them with the requisite amount of specificity. Accordingly, the court **denies** Defendant's Request for Pretrial Production of Inmate Telephone Calls of Cooperating Coconspirators Pursuant to Rule 17(c).

**It is so ordered** this 13th day of December, 2012.

Sam A. Lindsay
United States District Judge